Defendant appealed.
This action is in many essential respects similar to the case of the same plaintiff against the Commissioners of Mecklenburg County. His Honor found the following facts: Plaintiff owns property in Buncombe County valued for taxation at the sum of $1,458,353. At their meeting in June, 1907, the defendant commissioners levied upon each $100 valuation of property in said county the following taxes: *Page 185 
 For State _______________________________________________ .21 For pensions ____________________________________________ .04 For Schools _____________________________________________ .18 For county, _____________________________________________ .23 2/3 -------- .66 2/3
That at the same time they levied on each taxable poll ____ $2.00
That at the same time they levied on each $100 in valuation on (249) property:
Bridges and roads (Acts 1905, ch. 411, section 2) __________.15
 Interest and sinking fund (Acts 1901, ch. 598; Acts 1905, ch. 751; Acts 1893, ch. 172) _______________________ .18 1/3 -------- .33 1/3
They levied no other or further tax on the poll than the $2.
The county of Buncombe, pursuant to various acts of the General Assembly, has issued and has now outstanding:
 $50,000 courthouse bonds ______________________ 5 per cent. 50,000 funding bonds _________________________ 5 " 20,000 county home bonds _____________________ 4 1/2 " 98,000 funding bonds _________________________ 5 "
For the purpose of paying the annual interest upon and retiring at maturity the said bonds the sum of $27,299 should be levied. The levy of 18 1/3 cents, levied for that purpose, without any tax on the polls, will yield $35,235.37. There are other bonds outstanding amounting to $60,000, the interest and principal at maturity of which are provided for out of the levy for general purposes.
The commissioners have not laid aside any sinking fund out of levies heretofore made, but the taxes amount to much more than the interest, levied pursuant to the several acts authorizing the levies, after paying the annual interest upon the bonds, for the purpose of paying the ordinary expenses of the county. It is the intention of the said board, out of the levy for the year 1907, to lay aside the excess, after paying the interest, to create a sinking fund. Several of the acts pursuant to which the levy is made provide for a levy on the poll of a tax corresponding to the tax on the property. Several of them do not. The defendant board of commissioners, at the time of levying said taxes, were advised *Page 186 
and believed that they had no right, under the Constitution, Art. (250) V, section 1, and all the acts mentioned in the complaint, to a capitation tax in excess of $2.
His Honor, being of the opinion that the levy of the several taxes set out on the property, without the levy of a corresponding tax upon taxable polls, in Buncombe County, was illegal and void, and that the taxes charged to the plaintiff are for that reason illegal, made an order continuing the injunction to the hearing. Defendant board of commissioners appealed. The only difference between the facts found by his Honor in this case, other than amounts, etc., consists in the fact that the act of 1893, ch. 172, pursuant to which the issue of $98,000 5 per cent, "funding bonds" were issued, does not in express terms direct that a poll tax be levied. The other acts do so direct. There is no statute repealing any of the provisions of said acts directing the levy of a poll tax or prohibiting the levy of such tax beyond the sum of $2, as in the Mecklenburg case. The two cases were argued together, and, except in the particulars named, it is conceded there is no substantial difference between them. The question, therefore, upon which the plaintiff's right to maintain its action depends is whether section 1, Article V, makes it imperative upon the Legislature to impose a poll tax in excess of $2, when a property tax in excess of the same amount is levied upon property for any and all purposes, or whether the words "that the State and county capitation tax combined shall never exceed $2 on the head" prohibit a poll tax in excess of that sum for any purpose. We have given the subject our best thought and investigation in the Mecklenburg case, and reached the conclusion therein announced. We note that in defendant's answer it is alleged that the city of Asheville levies a tax on the poll of $4.50, thus making the poll tax on each citizen liable therefor in said city $6.50, or, as contended by plaintiff, $7.50. This is significant of the operation of the Constitution, when the imperative command that the capitation tax shall never exceed $2 on the head is disregarded. (251) We also note that his Honor finds that the defendant is levying for the payment of interest on the bonds an amount in excess thereof and applying it to general expenses. This cannot be permitted. One of the beneficent effects of increase in wealth and in valuation for taxation should be the lowering of the rate. Any taxation beyond the reasonable necessity or for any other purpose than that for which it is levied is oppression. We have indicated in the opinion in the Mecklenburg case the proper course to be pursued in this respect. The order of his Honor continuing the injunction must be
Reversed. *Page 187